UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IRVIN A. PIERCE and
DELORIA A. PIERCE                                                                    PLAINTIFFS

V.                                                        CIVIL ACTION NO.1:06CV363 LTS-RHW

TIM REYNOLDS and
ALLSTATE INSURANCE COMPANY                                              DEFENDANTS

## MEMORANDUM OPINION ON MOTION TO AMEND/CORRECT OPINION AND ORDER GRANTING MOTION TO REMAND

The Court has before it a motion [15] to amend or correct the opinion [13] and order [14] entered on May 15, 2006, granting the plaintiffs' motion [3] to remand. Defendants contend that the affidavit submitted by Tim Reynolds (Reynolds) conclusively establishes the invalidity of the plaintiffs' cause of action against Reynolds individually. Based upon this affidavit, the defendants assert that Reynolds is entitled to judgment as a matter of law.

I have re-read the Reynolds affidavit, along with the state court complaint, and I cannot agree with the defendants' analysis. The defendants contend that because the Reynolds affidavit states that Reynolds did not deal with the plaintiffs at the time they first purchased an Allstate policy in 2002, this completely negates the substantive allegations of the complaint and establishes that any potential claim the plaintiffs may have against Reynolds is time-barred.

The state court complaint alleges:
"At the time Plaintiffs purchased the policy in question and at subsequent renewals, Defendant, Reynolds, himself and/or through his duly authorized employees told Plaintiffs they did not need flood coverage; that they might as well throw their money in the trash..." (Complaint Paragraph 5)

Reynolds affidavit does not squarely meet all of these allegations. The affidavit does deny that Reynolds himself advised the plaintiffs not to purchase flood insurance, but it does not negate the allegation that Reynolds's employees did so. The affidavit asserts that the plaintiffs purchased their policy in 2002, but it does not discuss any conversations the plaintiffs may have had with Reynolds employees at the time this policy was renewed. The last annual renewal, prior to the storm, took effect on May 16, 2005. (Allstate Deluxe Plus Homeowners Policy Declarations, Exhibit B to Allstate Insurance Company's Response to Motion To Remand) Thus the defendant's affidavit does not conclusively establish 2002 as the date of the events complained of, and this undercuts the defendants' assertion that the plaintiffs' cause of action against Reynolds is time-barred.

While the Reynolds affidavit may be considered in connection with the motion to remand, it is not a complete negation of the plaintiffs' allegations, and it was not submitted in support of a motion for summary judgment, a motion that would require the non-moving parties to submit evidence beyond the pleadings in support of their claim. See *Cook Children's Medical Center v. New England* PPO, 2005 WL 2291181 (S.D.Tex); *White v. Mississippi Public Service Com'n,* 2006 WL 37118 (N.D.Miss). Since the only motion under consideration was and is a motion to remand, I must take not only the Reynolds affidavit, but also the allegations of the complaint into consideration.

In making my original ruling, I took the Reynolds affidavit into consideration, along with the allegations of the complaint, and I reached the conclusion, under the very liberal standards that I must apply to a motion to remand, that the plaintiffs have stated a cause of action against Reynolds. The plaintiffs have alleged sufficient facts to support a finding of vicarious liability against Reynolds, and the Reynolds affidavit does not negate these allegations in the complaint.

Accordingly, I will deny the defendants' motion to amend/correct the order and opinion granting the motion to remand. I do not agree with the defendants' contention that this action should be certified for an interlocutory appeal on this issue. I will therefore also deny this request. An appropriate order will be entered.

Decided this 21st day of December, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge